UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEE SAMUEL CAPERS,<br><br>    Plaintiff,<br><br>  v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION; et al.,<br><br>    Defendants. | No. C 12-816 SI (pr)<br><br>**ORDER OF DISMISSAL** |

## INTRODUCTION

Lee Samuel Capers, an inmate at San Quentin State Prison, filed this *pro se* civil rights action under 42 U.S.C. § 1983. His complaint is now before the court for review under 28 U.S.C. § 1915.

## BACKGROUND

Capers complains that the California Department of Corrections and Rehabilitation ("CDCR") and San Quentin prison officials are not offering gastric bypass surgery to morbidly obese prisoners who would like to have such surgery. Capers alleges that he is a 37-year old morbidly obese prisoner with health problems. "Plaintiff's weight yo-yos and struggles to drop weight. Defendants do not agree that gastric bypass could be a positive factor in plaintiff's struggle to weight loss." Docket # 1, p. 6 (errors in source). He asserts that gastric bypass surgery would cut the long term health care costs for morbidly obese prisoners. Capers also urges that it is unfair for the CDCR not to provide bypass surgery for morbidly obese prisoners while the CDCR provides hormone injections and special services to transgender prisoners.

## DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at § 1915A(b). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Deliberate indifference to a prisoner's serious medical needs amounts to the cruel and unusual punishment prohibited by the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A prison official violates the Eighth Amendment only when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious, and (2) the official is, subjectively, deliberately indifferent to the inmate's health or safety. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A prison official exhibits deliberate indifference when he or she knows of and disregards a substantial risk of serious harm to inmate health. *See Farmer*, 511 U.S. at 837. The official must both know of "facts from which the inference could be drawn" that an excessive risk of harm exists, and he or she must actually draw that inference. *Id.* A mere difference of opinion as to which medically acceptable course of treatment should be followed does not establish deliberate indifference. *See Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989). Where doctors have chosen one course of action and a prisoner-plaintiff contends that they should have chosen another course of action, the plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances, . . . and the plaintiff must show that they chose this course in conscious disregard of an excessive risk to plaintiff's health." *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996) (internal citations

omitted).

Capers' complaint fails to state a claim upon which relief may be granted. His allegations show at most a difference of opinion about the best way to deal with his obesity. He has not alleged anything suggestive of deliberate indifference by any prison official. His complaint and the inmate grievances he attached to it do not indicate that any physician has recommended gastric bypass surgery for him. His inmate appeals and complaint indicate that it is merely his personal opinion that such surgery might be beneficial for him and for the CDCR's budget. Indeed, the inmate appeal responses attached to the complaint show that the requested surgery was denied as not medically necessary. The denial of the requested surgery does not amount to deliberate indifference, which requires a prison official to both know of facts from which the inference could be drawn that there was an excessive risk to Capers' health and to draw that inference. Even with liberal construction, the complaint does not state a claim upon which relief may be granted for deliberate indifference to Capers' serious medical needs.

Capers' dismay that transgender inmates are receiving medical care that he considers less medically necessary than gastric bypass surgery for morbidly obese patients does not state a claim upon which relief may be granted. Evidence of different treatment of unlike groups does not support an equal protection claim. *See Thornton v. City of St. Helens*, 425 F.3d 1158, 1168 (9th Cir. 2005).

## CONCLUSION

For the foregoing reasons, the complaint is dismissed for failure to state a claim upon which relief may be granted. The clerk shall close the file.

IT IS SO ORDERED.

Dated: May 19, 2012

_____
SUSAN ILLSTON
United States District Judge

3